NO. 7386.

STATE OF LOUISIANA

PIERRE ULYSSE JEANNIN

VS

COURT OF APPEAL

HENKY BOWMAN, ET AL.

PARISH OF ORLEANS

S Y L L A B U S .

# OPINION

By his Honor John St. Paul.

This is a petitory action. In 1903 plaintiff and the other heirs of his father partitioned in kind certain squares of ground, of which the property in controversy formed part and was allotted to plaintiff as his share.

At the time of the partition the property in controversy did not belong to the estate of the deceased father, having previously been sold to the State for unpaid taxes.

Thereafter one of plaintiff's coheirs repurchased the property from the State and sold it to a third person through whom defendants claim title.

The question presented is whether the title thus subsequently acquired by plaintiff's coheir was merchantable by the said coheir, or inured solely to the benefit of plaintiff towards whom said coheir was a warrantor (C. C. 1384).

As a partition in kind is but a sort of exchange (C. C. 1382 ) and in general the law applicable to exchanges is that also applicable to sales (C. C. 2667) we see no distinction between the effect of warranty in partitions and its effect in sales.

But warranty against eviction, on the part of a grantor, is two-fold; 1. That the warrantor shall abstain from any act tending to disturb the possession or title of his grantee, and 2. That he will restore the price etc if eviction be suffered through the act of a third person.

The latter may be modified or even waived, and is clearly divisible even between warrantors of undivided portions; but the former cannot be waived (C. C. 2504) and is by its very nature indivisible between warrantors by the same act, since it is then an obligation not to do and ########### conjointly contracted. C. C. 1929-2108-2113. (See also Troplong de la Vente Vol 1. 434, 438.)

Hence it follows that whoever joins in a grant of the whole property, though his own interest therein be but an undivided part, forever estops himself from ever asserting title to any part whatever of the property granted.

Accordingly the courts of this State have uniformly held that any title subsequently acquired by a grantor inures at once to the benefit of his grantee, whose title he is bound to complete to the full extent of his warranty.

City of N. O. vs Riddell, 121 La 1051

Benton vs Sentell, 50 An 869

Succession of Dupuy, 33 An ### 277.

Crocker vs Reed, 23 An 159.

Cuselich vs Hingle, N⁰ 7356 of our docket

It therefore follows that the title acquired from the State by plaintiff's coheir and warrantor, at once inured to plaintiff's benefit and completed his title, leaving nothing in the coheir which she could grant to defendant's author.

The judgment appealed from is correct.

Judgment Affirmed.

New Orleans, La, November 25th, 1918.